UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Faye L. Harris

        Plaintiff,                                         Case No. 3:12CV2302

v.

Carolyn Colvin,                                           **ORDER**
Acting Commissioner
of Social Security,

        Defendant

This is an action under 42 U.S.C. § 405(g) to review the Commissioner of Social Security's (the Commissioner) decision denying Plaintiff Faye L. Harris' (claimant) claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security ACT, 42 U.S.C. §§ 401-434, 1381-1383(f). Claimant appeals the Magistrate Judge's report and recommendation.

This court exercises jurisdiction over the final decisions of the Commissioner pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Pending are the parties' briefs on the merits (Docs. 19, 20) and claimant's reply brief (Doc. 21). Also pending is claimant's objection to the Magistrate Judge's report and recommendation (Doc. 23).

For the following reasons, I adopt in full the report and recommendation of the Magistrate

1

Judge, and I affirm the decision of the administrative law judge (ALJ).

**Factual Background**

Claimant Faye L. Harris applied for DIB and SSI benefits on October 21, 2008. Her claims were denied initially and on reconsideration. On November 19, 2010, an ALJ held a hearing to review claimant's case.

At the hearing claimant and vocational expert (VE) Colman testified. Claimant testified that she suffered from heart problems, fatigue, high blood pressure, headaches, stress incontinence, and light sensitivity.

The VE testified claimant's impairments prevented her from returning to her past work as a cashier retail clerk. She could, however, according to the VE, work as an appointment or credit clerk.

The ALJ concluded that, despite having severe impairments, claimant could still perform one of the significant number of appointment or credit clerk positions available in her area. Accordingly, the ALJ found claimant was not entitled to disability benefits.

**Standard of Review**

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be

conclusive." *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

## Discussion

In making a determination as to disability, an ALJ undertakes a five-step sequential evaluation process:

First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 548 (6th Cir. 2004).

The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 529 (6th Cir. 1997). "In many cases, the Commissioner may carry this burden by applying the medical-vocational grid at 20 C.F.R. Pt. 404, Subpt. P, App. 2, which directs a conclusion of "disabled" or "not disabled" based on the claimant's age and education and on whether the claimant has transferable work skills." *Wilson, supra,* 378 F.3d at 548. However, if a claimant's functional limitations are not enumerated

in the grid, the Commissioner may rely on the testimony of a vocational expert. *Id.*

## A. Transferability of Skills

Social Security Ruling 83-10 provides that the "[a]bility to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level . . ." SSR 83-10, 1983 WL 31251, *3. Social Security Ruling 82-41 provides further that, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision." SSR 82-41, 1982 WL 31389, *7. Moreover, [w]hen the issue of skills and their transferability must be decided, agency policy requires an ALJ to make certain findings of fact and include them in the written decision. *Id.*

Claimant contends the ALJ committed reversible error when she failed to identify whether the claimant possessed any transferable job skills.

The Commissioner argues the ALJ did not err. The Commissioner contends that Sixth Circuit case law does not always require an ALJ to identify transferable skills explicitly. According to the Commissioner, when an ALJ relies on the testimony of a VE, rather than the grid alone, he or she does not need to identify transferable skills.

Claimant's argument, based solely on her own interpretation of the social security regulations and rulings, is unpersuasive. This circuit's case law interpreting the rules and regulations on which the claimant relies supports the Commissioner's argument. In *Wilson, supra,* 378 F.3d at 549, the Sixth Circuit deferred to the Commissioner's interpretation of Social Security Ruling 82-41. According to the Commissioner, Social Security Ruling 82-41 applies only if an ALJ attempts to

4

ascertain disability based "solely on the grid," not when an ALJ relies on VE testimony to determine whether claimant can perform other work. *Id.*

Claimant argues that *Wilson* is distinguishable from the case at bar because the VE in *Wilson* discussed the transferability of skills in his hearing testimony. However, substantial evidence to support the ALJ's decision exists even if the VE in this case did not make an explicit statement respecting transferability in his hearing testimony. *Smith v. Halter,* 307 F.3d 377, 378 (6th Cir. 2011) (stating that a vocational expert's testimony may serve as substantial evidence where the testimony is elicited in response to a hypothetical question that accurately reflects a claimant's impairments). In this case, the ALJ relied on the VE's professional opinion that an individual with the claimant's functional limitations could perform the jobs of appointment or credit clerk. Accordingly, the ALJ did not err when she omitted specific findings as to the transferability of claimant's skills.

## B. Vocational Expert Did Not Rely on Employer Accommodations

"[T]he ADA and the disability provisions of the Social Security Act have different purposes and have no direct relationship to each other." *Jones v. Apfel,* 174 F.3d 692, 693 (5th Cir. 1999) (citing *Eback v. Chater,* 94 F.3d 410, 412 (8th Cir. 1996). Reasonable accommodation is a term of art under the Americans with Disabilities Act (ADA). Under the ADA, and implementing regulations, reasonable accommodations include changes in the work environment or in the way things are customarily done, which enable an individual with a disability to enjoy equal employment opportunities. 42 U.S.C. § 12111(9); 29 C.F.R. pt. 1630 app. § 1630.2(o) (1997).

An ALJ making a disability determination under the SSA should not consider "potential accommodation by employers." *Titus v. Astrue,* 2012 WL 3113165, *12 (N.D. Ohio). *See Cleveland*

*v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 803 (1999) ("[W]hen the SSA determines whether an individual is disabled for SSDI purposes, it does not take the possibility of 'reasonable accommodations' into account. . . ."); *Griffith v. Wal–Mart Stores, Inc.,* 135 F.3d 376, 380 (6th Cir. 1998) ("the Social Security Administration does not consider whether an individual is able to work with reasonable accommodation in determining entitlement to disability benefits.").

Claimant contends the ALJ erred in relying on the available jobs the VE identified. This is so, according to claimant, because the VE assumed potential employers would provide reasonable accommodations.

The Commissioner argues the ALJ did not err in relying on the jobs the VE identified for claimant. According to the Commissioner, the ALJ established an residual functional capacity that accurately reflects claimant's functional limitations and relied on the VE's professional opinion that a hypothetical individual with claimant's limitations could perform work as an appointment or credit clerk.

Claimant misconstrues the VE's hearing testimony. The VE did not reference, and the ALJ did not assume, that prospective employers would provide claimant with reasonable accommodations under the ADA. Rather, the ALJ presented the VE with an accurate hypothetical. In response, the VE testified that such an individual could work as an appointment or credit clerk.

The ALJ hypothesized an individual who: 1) could perform light work with limited exceptions; 2) required sunglasses if bothered by exposure to bright light; and 3) needed unscheduled five minute bathroom breaks during every non-break hour. Tr. 466.

In earlier testimony, the VE had stated that an individual who needed unscheduled bathroom breaks could not perform claimant's past work as a cashier retail clerk. According to the VE, the

breaks would "hind[er performance of] . . . essential parts of [the cashier retail clerk position] thereby putting "an undue burden on the employer." Tr. F461-62. When asked about the possibility of other jobs that would permit such breaks, the VE stated that, in his professional opinion, appointment or credit clerks could take "five minute break[s] here . . . or there" because they did not have to serve a continuous flow of patrons.

Regarding the use of sunglasses, the VE testified that he had "seen individuals have dark glasses or prescription sunglasses that they would wear," and he believed sunglasses "would be an accommodation that would be acceptable." Tr. 461.

The VE's use of the term accommodation does not invalidate his professional opinion or the ALJ's reliance thereon. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777,779 (6th Cir. 1999) (stating that VE's testimony can be considered substantial evidence if it is based on a hypothetical question which accurately portrays the claimant's physical and mental impairments).

The hypothetical the ALJ posed for the VE accurately reflects claimant's light sensitivity and incontinence issues, as well as claimant's other limitations. *See Cole v. Barnhart,* 28 Fed.Appx. 593, 594 (8th Cir. 2002) (stating that RFC adequately captures functional limitation of light sensitivity by including provision for use of sunglasses). And the VE's response to the ALJ's hypotheticals reflected his professional opinion on common workplace accommodations – not formal accommodations that must be requested under the ADA.

The VE expressed his professional opinion that claimant could perform work as an appointment or credit clerk as those positions are generally defined – without requiring any special treatment. A fair reading of the hearing transcript does not show that the VE implicitly or explicitly assumed that future employers would be willing to modify the identified jobs to suit claimant's

needs. *See Jones, supra* 174 F.3d at 694 (stating that "expert's reference to the ADA suggests not that he assumed that assembler jobs required accommodation, but that allowing for an employee to alter[sic] between sitting and standing is a prevalent accommodation in the workplace"); *Pena v. Apfel,* 1999 WL 155699, *2 (N.D. Cal. 1999) (stating that ALJ did not assume reasonable accommodation because he relied on VE testimony that employees were commonly allowed to alternate between sitting and standing).

Contrary to claimant's contention, it is not reasonable to interpret the first portion of the VE's testimony as limiting or qualifying his ultimate opinion respecting claimant's employability. Nor is it reasonable to construe the VE's use of the term accommodation as a reference to the term reasonable accommodation as defined in the ADA. Accordingly, the ALJ did not improperly rely on the VE's professional opinion that claimant could work as an appointment or credit clerk.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 23) be, and the same hereby are overruled; and

2. The R&R be, and the same hereby is adopted as the order of this court.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge